**E-FILED**
Tuesday, 03 November, 2015  05:20:15 PM
Clerk, U.S. District Court, ILCD

### IN THE UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **LISA M. JONES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **No. 14-CV-3112** |
| | ) | |
| **COMMISSIONER OF SOCIAL** | ) | |
| **SECURITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Tom Schanzle-Haskins (d/e 15).   Judge Schanzle-Haskins recommends that this Court allow Plaintiff Lisa M. Jones's Brief in Support of Motion for Summary Judgment (d/e 11), deny Defendant Commissioner of Social Security's Motion for Summary Affirmance (d/e 13), reverse the decision of the Commission, and remand the case pursuant to sentence four of 42 U.S.C. § 405(g).

Objections to the Report and Recommendation were due on or before October 26, 2015.   Neither party filed objections.

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."   Fed. R. Civ. P. 72(b)(3).   The Court reviews de novo any part of the Report and Recommendation to which a proper objection has been made.   Fed. R. Civ. P. 72(b)(3).   "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."   Johnson v. Zema Sys. Corp., 170 F. 3d 734, 739 (7th Cir. 1999) (also noting that a party who fails to object to the report and recommendation waives appellate review of the factual and legal questions).

Judge Schanzle-Haskins found the Administrative Law Judge (ALJ) failed to build an accurate and logical bridge from the evidence to his conclusion.   Specifically, Judge Schanzle-Haskins found it unclear whether the ALJ considered the opinion of Dr. George Andrews, M.D., regarding Plaintiff's limitation on reaching with her right arm when the ALJ formulated the residual functional capacity or assessed the vocational expert's opinions.   Moreover, Judge Schanzle-Haskins concluded that, on remand, the ALJ should more thoroughly analyze the effects of Plaintiff's fibromyalgia on her

functional limitations in accordance with Social Security Ruling 12-2p.   Finally, Judge Schanzle-Haskins found that the ALJ should address on remand the evidence from Judith Jones, Plaintiff's mother, as factual evidence from a non-medical source rather than as opinion evidence.

After reviewing the record, the Report and Recommendation, the parties' Motions and memoranda, as well as the applicable law, this Court finds no clear error.

**IT IS THEREFORE ORDERED THAT:**

**(1)    The Report and Recommendation (d/e 15) is ADOPTED in its entirety.**

**(2)    Plaintiff's Brief in Support of Motion for Summary Judgment (d/e 11) is GRANTED and Defendant's Motion for Summary Affirmance (d/e 13) is DENIED.**

**(3)    The decision of the Commissioner is REVERSED and the cause is REMANDED to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).**

**(4)    THIS CASE IS CLOSED.**

**ENTER:**   November 3, 2015

**FOR THE COURT:**

<u>s/ Sue E. Myerscough</u>
SUE E. MYERSCOUGH